UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE LEE, | No. 2:13-cv-2675 CKD P |
| Plaintiff, | |
| v. | ORDER |
| R. MIRANDA, et al., | |
| Defendants. | |

    Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has consented to this court's jurisdiction pursuant to Local Rule 302 and 28 U.S.C. §636(c).

    Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

    Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by

1

1   the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account
2   exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).
3       The court is required to screen complaints brought by prisoners seeking relief against a
4   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
5   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
6   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
7   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).
8       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
9   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
10  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
11  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
12  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
13  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
14  Cir. 1989); Franklin, 745 F.2d at 1227.
15      In order to avoid dismissal for failure to state a claim a complaint must contain more than
16  "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause
17  of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,
18  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
19  statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim
20  upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A
21  claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
22  the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct.
23  at 1949.  When considering whether a complaint states a claim upon which relief can be granted,
24  the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007),
25  and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416
26  U.S. 232, 236 (1974).
27      Fed. R. Civ. P. 8 sets forth general rules of notice pleading in the federal courts.  See
28  Swierkiewicz v. Sorema, 534 U.S. 506  (2002).  Complaints are required to set forth (1) the

grounds upon which the court's jurisdiction rests, (2) a short and plain statement of the claim showing entitlement to relief; and (3) a demand for the relief plaintiff seeks.  Rule 8 requires only "sufficient allegations to put defendants fairly on notice of the claims against them."  McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).  Even if the factual elements of the cause of action are present, but are scattered throughout the complaint and are not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8(a)(2) is proper.  McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996).

Here, plaintiff seeks to hold four defendants at High Desert State Prison (HDSP) liable for deliberate indifference to his alleged health problems.  He alleges that he was forced to receive tuberculosis ("T.B.") shots, that his medical appliances (a cane, hinged knee brace, plastic stool, and back support) were confiscated when he arrived at HDSP in December 2011[1], that he did not receive a positional sleep device to treat his sleep disorder, and that prison records concerning his health are incomplete and have been deliberately falsified.  Plaintiff also alleges that his health is worsening due to prison officials' refusal to transfer him to a different prison.  The complaint does not meet the Rule 8 pleading requirement of a "short and plain statement of the claim showing entitlement to relief" as to any defendant.

Additionally, the court finds the allegations in plaintiff's complaint so vague and conclusory that it fails to state a claim upon which relief can be granted.  Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  Id.  Plaintiff's complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v.

---

[1] Records attached to the complaint include an HDSP official's statement that plaintiff's "knee brace, cane, and wheelchair were discontinued [in December 2011] because he [could] ambulate intermittently with [a] walker," which he was provided.  (ECF No. 1 at 13.)

Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  If plaintiff chooses to amend the complaint, he should set forth a "short and plain statement" of his claim and any related claims against the appropriate defendants.

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 5) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and

////

////

two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated:  February 21, 2014

_(signature)_
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/lee2675.14.new