UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GEORGE LEE,

         Plaintiff,

  v.

R. MIRANDA, et al.,

         Defendants.

No. 2:13-cv-2675 CKD P

ORDER

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this action brought pursuant to 42 U.S.C. § 1983. Plaintiff has consented to this court's jurisdiction pursuant to 28 U.S.C. § 636(c) and Local Rule 302. By order filed February 21, 2014, plaintiff's complaint was dismissed for failure to state a claim. Plaintiff was granted leave to file an amended complaint, which is now before the court.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

        Having reviewed the amended complaint, the undersigned concludes that it fails to cure the deficiencies of the original complaint as discussed in the screening order of February 21,

2014.  Plaintiff alleges that, after he was transferred to High Desert State Prison in December 2011, his medical appliances (cane, knee brace, and stool) and positional sleep device were taken away.  No available medical records documented plaintiff's need for these devices.[1]

Denial or delay of medical care for a prisoner's serious medical needs may constitute a violation of the prisoner's Eighth and Fourteenth Amendment rights.  Estelle v. Gamble, 429 U.S. 97, 104-05 (1976).  An individual is liable for such a violation only when the individual is deliberately indifferent to a prisoner's serious medical needs.  Id.; see Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000).

In the Ninth Circuit, the test for deliberate indifference consists of two parts.  Jett, 439 F.3d at 1096, citing McGuckin v. Smith, 974 F.2d 1050 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).  First, the plaintiff must show a "serious medical need" by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'"  Id., citing Estelle, 429 U.S. at 104.

Second, the plaintiff must show the defendant's response to the need was deliberately indifferent.  Jett, 439 F.3d at 1096.  This second prong is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference.  Id.  Under this standard, the prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but that person "must also draw the inference."  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  This "subjective approach" focuses only "on what a defendant's mental attitude actually was."  Id. at 839.  A showing of merely negligent medical care is not enough to establish a constitutional violation.  Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998), citing Estelle, 429 U.S. at 105-106.  A difference of opinion about the proper course of treatment is not deliberate indifference, nor does

---

[1] Plaintiff makes various other allegations which do not conform to the "short and plain statement" requirement nor show entitlement to relief pursuant to Rule 8 of the Federal Rules of Civil Procedure.

1  a dispute between a prisoner and prison officials over the necessity for or extent of medical
2  treatment amount to a constitutional violation.  See, e.g., Toguchi v. Chung, 391 F.3d 1051, 1058
3  (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

4      Under this standard, plaintiff has failed to state a medical indifference claim against any
5  defendant.  As it appears that another opportunity to amend the complaint would be futile, the
6  court will order the amended complaint dismissed and this case closed.

7      In accordance with the above, IT IS HEREBY ORDERED that:

8      1. The amended complaint filed April 4, 2014 is dismissed without prejudice; and

9      2. The Clerk of Court shall close this case.

10  Dated:  April 25, 2014

11  _____
    CAROLYN K. DELANEY
12  UNITED STATES MAGISTRATE JUDGE

16  2 / lee2675.fac